PER CURIAM.
The appellant, Mark Quinn, an employee of the Department of Health and Rehabilitative Services, was demoted and received a salary reduction for behavior which HRS described as unbecoming a public employee. Quinn retained counsel and filed an administrative appeal with the Public Employees Relations Commission regarding the demotion. Subsequently, shortly before the scheduled hearing, the department unilaterally moved to dismiss the appeal. The department stated that Quinn was restored retroactively to his prior pay grade in a similar job and that his record was purged. Quinn opposed the action alleging that HRS unilaterally settled the matter prior to hearing in order to avoid paying him attorney’s fees. Quinn asked the Commission to award him his attorney’s fees for the time spent preparing for the hearing. The Commission declined to do so and Quinn appeals to this court. We reverse and remand.
Section 447.208(3)(e), Florida Statutes (1989) permits the commission to award reasonable attorney’s fees, witness fees and other out-of-pocket expenses incurred during the prosecution of an appeal against an agency in which the commission sustains the employee. We find that an award of attorney’s fees is necessary to compensate Quinn for the expenses he incurred, under these circumstances, where the department’s unilateral settlement of the dispute foreclosed Quinn of his opportunity to prevail and to thereby obtain fees. Accordingly, we remand to the commission for a *1075 hearing to determine the amount of fees to be awarded Quinn.
REVERSED AND REMANDED.
GUNTHER and STONE, JJ., and WALDEN, JAMES H., Senior Judge, concur.